# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MANUEL ALBERTO GONZALEZ-MEZA, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | Case No(s). CR-15-186-D |
|  | ) | CIV-16-1232-D |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

Before the Court is Movant Manuel Alberto Gonzalez-Meza's ("Meza") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] and memorandum in support ("Mem.") [Doc. No. 36]. The United States has filed its response in opposition [Doc. No. 43]. The matter is fully briefed and at issue. In denying the requested relief, the Court finds and concludes as set forth below.[1]

## BACKGROUND

Meza pled guilty to a one-count Superseding Information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture or

---

[1] Based on the record and briefs submitted by the parties, the Court, in its discretion, finds an evidentiary hearing is unnecessary. *See, e.g., United States v. Hardridge*, 285 F. App'x 511, 517 (10th Cir. 2008) (unpublished) (holding district court did not abuse its discretion in denying movant's request for evidentiary hearing on § 2255 motion where the issues could be resolved on the basis of evidence in the record).

substance containing methamphetamine, in violation of 21 U.S.C. § 846. Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR) [Doc. No. 23] in which it asserted Meza maintained a premises for the manufacture of methamphetamine and recommended an upward adjustment of two points. *Id.* ¶ 30; *see also* U.S.S.G. § 2D1.1(b)(12). The Court adopted the PSR without change [Doc. No. 33]. Under the advisory sentencing guidelines, Meza was determined to have a total offense level of 37 and a criminal history category of II, resulting in a guideline incarceration range of 235 to 293 months. *Id.* On May 12, 2016, the Court entered its Judgment and sentenced Meza below the guideline range to a term of 192 months of incarceration [Doc. No. 32].

Meza timely filed the present § 2255 motion challenging his sentence.[2] He cites two main propositions of error: (1) ineffective assistance of counsel for not objecting to the two-point enhancement for maintaining a premises for manufacturing methamphetamine, and (2) ineffective assistance for not seeking a two-point sentence reduction for his alleged minor role in the offense. Because he appears pro se, the Court is required to construe Meza's filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, the Court must not assume the role of Meza's advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal

---

[2] Motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed one year after the defendant's conviction becomes final. *Id.* § 2255(f).

arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## DISCUSSION

A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jackson v. Warrior*, 805 F.3d 940, 953 (10th Cir. 2015). "[T]o prevail on an ineffective assistance of counsel claim under *Strickland*, a petitioner must show: (1) his lawyers' performance was deficient such that they effectively failed to function as the 'counsel' guaranteed to all criminal defendants by the Sixth Amendment, and (2) their deficient performance so prejudiced the defense that the defendant was deprived of a fair trial." *Id.* (citing *Strickland*, 466 U.S. at 687). Meza must show that "there [was] a reasonable possibility that, but for counsel's professional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In reviewing *Strickland* claims, the Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and has instead emphasized that the "proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

The Court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Jackson*, 805 F.3d at

953 (citing *Strickland*, 466 U.S. at 689) (paraphrasing in original). "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citation omitted). "An ineffective assistance claim may be rejected based upon an inadequate showing of deficient performance or prejudice, or both." *Jackson*, 805 F.3d at 953 (citing *Strickland*, 466 U.S. at 697).

## I. Maintaining A Premises Enhancement

Pursuant to the United States Sentencing Guidelines, "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, [the offense level] increase[s] by 2 levels." U.S.S.G. § 2D1.1(b)(12). "Among the factors the court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises. Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." *Id*. § 2D1.1 cmt. n. 17.

The PSR stated that on or about February 12, 2015, Meza resided at 2120 S.W. 78th Street, Oklahoma City, Oklahoma (the 2120 residence), and on or about

4

March 28, 2015, he resided at 7108 Ashby Terrace, Oklahoma City, Oklahoma (the Ashby residence). Surveillance of the 2120 residence found the presence of a vehicle associated with drug trafficking to be at the home, seven pounds of methamphetamine was delivered there, and a confidential source stated the residence was a known "stash house." A search warrant served at the residence produced several items consistent with drug trafficking, such as digital scales, cellophane, duct tape, and a firearm. Discovery produced in this case revealed Meza and his common law wife stated that the 2120 residence was their primary address when the search warrant was executed.

With respect to Meza's ties to the Ashby residence, a New Mexico police officer pulled over a vehicle that contained a false compartment and a large quantity of money. Within the vehicle were photographs of the Ashby residence and twenty or more bundles of what appeared to be methamphetamine in a dryer at the home. Discovery produced in this case revealed that Meza and his common law wife lived at the home. A search warrant executed at the house produced one pound of methamphetamine and money transfer receipts.

Pursuant to an order from the Court, Meza's defense counsel submitted an affidavit in response to his allegations of ineffective assistance. In her affidavit, counsel stated that although she thought Meza's connection to the 2120 residence was specious, she concluded any objection to the adjustment was "unwinnable"

based on her understanding of Meza's relationship to the Ashby residence and her experience in challenging the application of the "maintaining a premises" enhancement in a variety of drug cases. Counsel also stated she believed that any objection would jeopardize Meza's acceptance of responsibility, as well as any favorable consideration from the Court and the government at sentencing.

The Court finds Meza has not established his counsel's performance was deficient. *Strickland* requires that the Court deferentially scrutinize counsel's performance and not engage in second guessing an attorney's tactical decisions. *Hooker v. Mullin*, 293 F.3d 1232, 1246 (10th Cir. 2002). So long as the challenged action might be considered sound strategy, *Strickland* requires the Court to uphold counsel's performance. *United States v. Aptt*, 354 F.3d 1269, 1284 (10th Cir. 2004) (citing *Strickland*, 466 U.S. at 689). Pursuant to this standard and the facts of this case, the Court cannot say counsel performed below prevailing professional norms in not objecting to the enhancement. Sufficient evidence was introduced which connected Meza to both residences so as to warrant the enhancement, and even with the enhancement being applied, Meza was sentenced well below the advisory range. Meza's motion on this issue is denied.

## II. Minor Role Reduction

Meza next argues his counsel was ineffective for failing to seek the minor role reduction under U.S.S.G. § 3B1.2(b). During a traffic stop of Meza in which

law enforcement found 6,126 grams of pure methamphetamine, Meza told DEA and Homeland Security agents that he had contacts in Mexico, California, and Oklahoma City, and that he was a middleman who helped contacts from Mexico and California get methamphetamine to distributors/sellers in the Oklahoma City area. Meza stated he was paid $500 for each meeting he was able to arrange. In this regard, Meza argues he was merely "[a] messenger [and] not a decision maker in the conspiracy and that he was paid a small sum for helping with errands and passing messages when he was told to do so." Mem. at 5. In her Sentencing Memorandum, Meza's counsel argued that Meza's participation corresponded to that of a middleman and not someone with greater authority or control. *See* Def. Sentencing Memorandum at 2 [Doc. No. 24].

The minor role reduction is intended only for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id*. § 3B1.2 cmt. n. 3. The Tenth Circuit has emphasized "that 'a defendant is not necessarily entitled to a sentence reduction under § 3B1.2 solely because he can ushow that he was a middleman.' " *United States v. Llantada*, 815 F.3d 679, 685 (10th Cir. 2016) (quoting *United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999)); *see also United States v. Adams*, 751 F.3d 1175, 1179 (10th Cir. 2014) (defendant is not entitled to minor-participant reduction merely because "he is the least culpable among several participants in a jointly undertaken

7

criminal enterprise.") (citation omitted)). A district court has broad discretion in applying the reduction. *See, e.g., United States v. Sanchez*, 725 F.3d 1243, 1251 (10th Cir. 2013).

Applying the foregoing standard, the Court finds Meza has not established his counsel's performance was deficient. In addition to the foregoing admissions, Meza resided in two homes connected with drug activity. The Tenth Circuit has held that the inquiry whether a defendant is a minor participant must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1277 (10th Cir. 2004); *see also United States v. Valdez-Perea*, 597 F. App'x 1000, 1007 (10th Cir. 2015) (unpublished). Defense counsel did argue that Meza's role was more of a middleman; that defense counsel did not specifically argue for a reduction in sentence, in light of the substantial evidence of Defendant's knowledge and involvement in the drug trafficking at issue, cannot be considered to fall below the objective standard of reasonableness announced in *Strickland*. Moreover, as previously stated, Meza was sentenced well below the advisory range. Meza's motion on this issue is denied as well.

## III. Voluntariness of Plea

As a final matter, Meza perfunctorily suggests his plea was "probably" not voluntary due to an alleged language barrier. Mem. at 6. However, he has not presented any persuasive argument to support this assertion. Nevertheless, on his Petition to Enter Plea of Guilty [Doc. No. 18], Meza answered affirmatively questions regarding whether he (1) understood the charges against him, (2) was satisfied with his attorney's services, (3) understood the guideline range, (4) voluntarily pled guilty to the charges, (5) had read and understood the plea agreement, and (6) had reviewed the petition's questions with his attorney and understood them (Meza's attorney speaks Spanish and was accompanied by an investigator who is fluent in Spanish). Meza repeated these acknowledgements at his plea hearing conducted on December 1, 2015, where an interpreter was also present. To the extent Meza asserts this allegation as a proposition of error, his motion is denied.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 6th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE